UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELISSA FAIRFIELD,<br><br>Plaintiff,<br><br>v.<br><br>CRISTANO CORPUZ, *et al.*,<br><br>Defendants. | Case No. 1:19-cv-00632-JDP<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL<br><br>ECF No. 10<br><br>ORDER GRANTING PLAINTIFF'S REQUEST FOR AN EXTENSION<br><br>ECF No. 11<br><br>ORDER DENYING AS MOON PLAINTIFF'S INITIAL REQUEST FOR AN EXTENSION<br><br>ECF No. 9 |

Plaintiff Melissa Fairfield is a state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. On November 18, 2019, plaintiff moved for the appointment of counsel. ECF No. 10. Fairfield argues that her claims are meritorious, that she is incarcerated, and that she has a layperson's understanding of the law. *Id*.

Fairfield does not have a constitutional right to appointed counsel in this action, *see Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998), and the court lacks the authority to require an attorney to

1

represent plaintiff, *see Mallard v. U.S. District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). This court may request the voluntary assistance of counsel. *See* 28 U.S.C. § 1915(e)(1); *Rand*, 113 F.3d at 1525. However, without a means to compensate counsel, I will seek volunteer counsel only in exceptional circumstances. In determining whether such circumstances exist, I "must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks and citations omitted).

I cannot conclude that exceptional circumstances requiring the appointment of counsel are present here. The issues in this case do not appear unusually complicated and, in recent filings, plaintiff appears able to articulate her points. I continue to believe that plaintiff's amended complaint will benefit from the use of a complaint form. At this stage in the proceedings, moreover, plaintiff has not demonstrated a likelihood of success on the merits. I therefore deny plaintiff's request to appoint counsel, ECF No. 10, though I may revisit this issue at a later stage of the proceedings if justice so requires.

I grant plaintiff's request for an extension. ECF No. 11. Plaintiff shall have until December 31, 2019, to file an amended complaint.

Plaintiff's initial request for an extension, ECF No. 9, is denied as moot.

IT IS SO ORDERED.

Dated: November 21, 2019

_____
UNITED STATES MAGISTRATE JUDGE

No. 205.