UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELISSA FAIRFIELD,<br><br>    Plaintiff,<br><br>    v.<br><br>A. KHOO, I. SINGH, S. SINGH,<br><br>    Defendant. | Case No. 1:19-cv-00632-DAD-HBK<br><br>ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL<br><br>(Doc. No. 50) |

    This matter comes before the court upon initial review of this case that was reassigned to the undersigned on November 17, 2020. (*See* Doc. No. 51). Pending review is, *inter alia*, plaintiff's motion to appoint counsel filed November 2, 2020. (Doc. No. 50). Plaintiff Melissa Fairfield is currently incarcerated at the Central California Women's Facility and is proceeding *pro se* on her civil rights complaint filed on May 9, 2019. (Doc. 1). Plaintiff was granted *in forma pauperis* status. (Doc. No. 5).

    The United States Constitution does not require appointment of counsel in civil cases. *See Lewis v. Casey*, 518 U.S. 343, 354 (1996) (explaining *Bounds v. Smith*, 430 U.S. at 817, did not create a right to appointment of counsel in civil cases). Under 28 U.S.C. § 1915, this court has discretionary authority to appoint counsel for an indigent to commence, prosecute, or defend a civil action. *See* 28 U.S.C. § 1915(e)(1) (stating the court has authority to appoint counsel for people unable to afford counsel); *see also United States v. McQuade*, 519 F.2d 1180 (9th Cir. 1978)

(addressing relevant standard of review for motions to appoint counsel in civil cases) (other citations omitted). However, motions to appoint counsel in civil cases are granted only in "exceptional circumstances." *Id.* at 1181. The court may consider many factors including, but not limited to, proof of indigence, the likelihood of success on the merits, and the ability of the plaintiff to articulate his or her claims *pro se* in light of the complexity of the legal issues involved, to determine if exceptional circumstances warrant appointment of counsel. *Id.*; *see also Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds on reh'g en banc*, 154 F.2d 952 (9th Cir. 1998).

In support of her motion, plaintiff argues that she needs counsel due to the complexity of her case and because she is a layperson to the law. (*See generally* Doc. No. 50). The court does not find exceptional circumstances warrant appointment of counsel for plaintiff. Although plaintiff is proceeding *pro se* and is incarcerated, she faces the same obstacles all *pro se* prisoners face. The court liberally construes *pro se* pleadings. A review of the docket further shows she is capable of adequately articulating her claims and seeking relief. Further, the complexity of the case and plaintiff's status as a layperson to the law have not impeded plaintiff's ability to litigate this case, as evidenced by plaintiff's multiple filings which cite legal authorities.

Accordingly, it is **ORDERED**:

Plaintiff's motion for the appointment of counsel (Doc. No. 50) is **DENIED without prejudice**.

IT IS SO ORDERED.

Dated:   March 24, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE