1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MELISSA FAIRFIELD,                    Case No.  1:19-cv-00632-DAD-HBK

12                  Plaintiff,             FINDINGS AND RECOMMENDATIONS TO
                                           DENY PLAINTIFF'S MOTIONS FOR
13           v.                            INJUNCTIVE RELIEF[1]

14   A. KHOO, I. SINGH, S. SINGH,          (Doc. Nos. 47, 54)

15                  Defendants.            THIRTY DAY OBJECTION PERIOD

16

17          This matter comes before the court upon initial review of this case that was reassigned to

18   the undersigned on November 17, 2020.  (*See* Doc. No. 51).  Pending review are, *inter alia*,

19   plaintiff's two motions for injunctive relief.  (Doc. No. 47, 54).  In his first motion, plaintiff seeks

20   to enjoin prison personnel from scheduling certain medical appointments for him.  (Doc. No. 47).

21   In his second motion, plaintiff seeks to enjoin prison personnel from tampering with his legal

22   mail.  (Doc. No. 54).  For the reasons stated below, the undersigned recommends that the court

23   deny both of plaintiff's motions for injunctive relief.

24   I.     BACKGROUND

25          Plaintiff Melissa Fairfield, a state prisoner, initiated this action on May 9, 2019 by filing a

26   *pro se* civil rights complaint under 42 U.S.C. § 1983 against defendants A. Khoo, I. Singh, and S.

27   ───────────────────
     [1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302
28   (E.D. Cal. 2019).

Singh.  (Doc. No. 1).  In his[2] first amended complaint, plaintiff claims that he was subjected to cruel and unusual punishment when he was denied certain medical care and that the defendants acted with deliberate indifference when they failed to properly treat his medical conditions.  (*See generally* Doc. No. 13).  Plaintiff also claims that Defendant S. Singh retaliated against him.  (*Id.* at 20).  This court ordered service of plaintiff's first amended complaint on defendants (Doc. No. 13) and defendants filed an answer to the complaint.  (Doc. No. 36).  On December 4, 2020, defendants filed an exhaustion-based motion for summary judgment, which remains pending before the court.  (Doc. No. 52).

II.      APPLICABLE LAW

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right."  *Winter v. Natural Res. Defense Council*, 555 U.S. 7, 22 (2008).  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  *Glossip v. Gross*, 135 S. Ct. 2726, 2736-37 (2015) (quoting *Winter*, 555 U.S. at 20).  "[P]laintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction."  *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).  In addition to establishing irreparable harm, the injunctive relief sought must be related to the claims brought in the complaint.  *See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015) ("When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction.").  Absent a nexus between the injury claimed in the motion and the underlying complaint, the court lacks the authority to grant plaintiff any relief.  Moreover, the court does not have jurisdiction over nonparties to the suit, and therefore cannot enjoin such individuals in an order for injunctive relief.  *See Zepeda v. U.S. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not

---

[2] Plaintiff advises the court that he appreciates the use of the male pronoun.  *See* Doc. No. 13 at 32.

1  attempt to determine the rights of persons not before the court.").

2  Further, the Prison Litigation Reform Act ("PLRA") imposes additional requirements on

3  prisoner litigants who seek preliminary injunctive relief against prison officials.  In such cases,

4  "[p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to

5  correct the harm the court finds requires preliminary relief, and be the least intrusive means

6  necessary to correct that harm."  18 U.S.C. § 3626(a)(2).  As the Ninth Circuit has previously

7  observed, the PLRA places significant limits upon a court's power to grant preliminary injunctive

8  relief to inmates, and "operates simultaneously to restrict the equity jurisdiction of federal courts

9  and to protect the bargaining power of prison administrators—no longer may courts grant or

10  approve relief that binds prison administrators to do more than the constitutional minimum."

11  *Gilmore v. People of the State of California*, 220 F.3d 987, 998-99 (9th Cir. 2000).

12  III.   ANALYSIS

13  a.   Medical Appointments

14  Plaintiff seeks a court order to prevent prison staff from scheduling certain medical and

15  mental health appointments on his behalf.  (*See generally* Doc. No. 47).  Plaintiff complains that

16  the timing of his medical and mental health appointments conflict with his designated

17  opportunities to use the law library.  (*Id*. at 1).  Plaintiff requests the opportunity to be informed

18  ahead of time all medical appointment and afforded an opportunity to accept or reject his medical

19  appointments before they are scheduled.  (*Id*. at 3).

20  As an initial matter, the complaint does not raise any claims concerning the scheduling of

21  plaintiff's medical and/or his mental health appointments.  (*See generally* Doc. No. 13).  Further,

22  plaintiff makes no assertion that the named defendants have any authority to schedule or change

23  the scheduling of his medical appointments.  The court does not have jurisdiction over nonparties

24  in this case, such as unspecified prison administrative staff, and cannot order prison personnel to

25  provide him with a certain schedule for his medical appointments.  Thus, the court does not have

26  authority to issue the requested injunctive relief sought.  *See Pac. Radiation Oncology*, 810 F.3d

27  at 633; *Zepeda*, 753 F.2d at 727.  Therefore, the court recommends that plaintiff's request for

28  injunctive relief be denied.

3

1      b.  Legal Mail

2          In his second motion, plaintiff claims prison staff are tampering with his legal mail.  (*See*

3   *generally* Doc. No. 54).  More specifically, plaintiff complains that certain pieces of his legal mail

4   were not sent to his intended recipient and that other pieces of mail were not delivered in a timely

5   manner.  (*Id*.).  Plaintiff states he fears he will miss court ordered deadlines and acknowledges he

6   has filed a grievance to correctional officials about the issue.

7          Similar to plaintiff's first request for injunctive relief, the complaint does not raise any

8   claims concerning any aspect of plaintiff's legal mail.  (*See generally* Doc. No. 13).  Nor does

9   plaintiff assert that the named defendants have any authority over the administration of the

10  prison's legal mail system.  As noted *supra*, the court has no jurisdiction over nonparties in this

11  case, such as prison administrative staff, and cannot order prison personnel to handle plaintiff's

12  legal mail in any specified fashion.  Thus, the court does not have authority to issue the requested

13  injunctive relief sought.  *See Pac. Radiation Oncology*, 810 F.3d at 633; *Zepeda*, 753 F.2d at 727.

14  Further, the court notes that plaintiff has not been penalized in this action for missing any

15  deadlines, and in fact, was granted an extension of time to respond to defendants' exhaustion-

16  based motion for summary judgment.  (*See* Doc. Nos. 67, 68.).  Therefore, the court recommends

17  that plaintiff's request for injunctive relief be denied.

18          Accordingly, it is **RECOMMEDED**:

19      1.  Plaintiff's motion for injunctive relief related to medical appointments (Doc. No. 47) be

20          **DENIED**.

21      2.  Plaintiff's motion for injunctive relief related to legal mail (Doc. No. 54) be **DENIED**.

22                          NOTICE TO PARTIES

23          These findings and recommendations will be submitted to the United States district judge

24  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within thirty (30)

25  days after being served with these findings and recommendations, a party may file written

26  objections with the Court.  The document should be captioned "Objections to Magistrate Judge's

27  Findings and Recommendations."  Parties are advised that failure to file objections within the

28

                                4

specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   __March 24, 2021__

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

5