UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELISSA FAIRFIELD,<br><br>    Plaintiff,<br><br>v.<br><br>A. KHOO, I. SINGH, S. SINGH,<br><br>    Defendants. | Case No. 1:19-cv-00632-DAD-HBK<br><br>ORDER GRANTING DEFENDANTS' MOTION TO STAY MERITS-BASED DISCOVERY<br><br>(Doc. No. 60)<br><br>ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S DISCOVERY MOTIONS<br><br>(Doc. Nos. 46, 65) |

    This matter comes before the court upon initial review of this case that was reassigned to the undersigned on November 17, 2020. (*See* Doc. No. 51). Pending review are, *inter alia*, defendants' motion to stay merits-based discovery (Doc. No. 60) and plaintiff's miscellaneous discovery motions. (Doc. No. 46, 65). For the reasons stated below, the undersigned will grant defendants' motion to stay merits-based discovery and deny plaintiff's discovery motions without prejudice.

I.   BACKGROUND

    Plaintiff Melissa Fairfield, a state prisoner, initiated this action on May 9, 2019 by filing a *pro se* civil rights complaint under 42 U.S.C. § 1983 against defendants A. Khoo, I. Singh, and S. Singh. (Doc. No. 1). In his first amended complaint, plaintiff claims that he was subjected to cruel and unusual punishment when he was denied certain medical care and that the defendants

acted with deliberate indifference when they failed to properly treat his medical conditions. (*See generally* Doc. No. 13). Plaintiff also claims that Defendant S. Singh retaliated against him. (*Id*. at 20). This court ordered service of plaintiff's first amended complaint on defendants (Doc. No. 13) and defendants filed an answer to the complaint. (Doc. No. 36). On September 4, 2020, the court issued a scheduling and discovery order. (Doc. No. 38). On December 4, 2020, defendants filed an exhaustion-based motion for summary judgment. (Doc. No. 52). After being granted an extension of time, plaintiff filed an opposition attaching 481 exhibits in support. (Doc. Nos. 56-59). Defendants filed a reply and a separate objection and motion to strike plaintiff's exhibits. (Doc. No. 61, 62). Defendants' motion for summary judgment remains pending before the court.

II.   APPLICABLE LAW

Under Rule 16(b) of the Federal Rules of Civil Procedure, a scheduling order "may be modified only for good cause and with the judge's consent." The good cause standard of Rule 16(b) focuses primarily on the diligence of the moving party and the reasons for seeking modification. *C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 984 (9th Cir.2011); *Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604, 609 (9th Cir. 1992). This court has found good cause to stay a case pending resolution of a motion for summary judgment. *See Smith v. Martinez*, No. 1:17-cv-01092-AWI-MJS (PC), 2018 WL 1413712, at *1 (E.D. Cal. Mar. 21, 2018); *Henry v. Contreras*, No. 1:14-CV-00791-LJO-SKO-PC, 2016 WL 232317, at *2 (E.D. Cal. Jan. 20, 2016). Moreover, this court enjoys "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997).

III.   ANALYSIS

   a.   Motion to Stay Merits-Based Discovery

In support of their motion to stay, defendants argue that party and judicial resources will be saved if their motion is granted. (Doc. No. 60 at 1-2). Defendants submit, if their motion for summary judgment is granted, all claims against Defendants I. Singh and S. Singh will be dismissed and all but one claim against Defendant Khoo will be dismissed. (*Id*. at 5). Further, defendants state that the court has all the information needed to rule on their exhausted-based summary judgment motion within the documents produced by defendants as exhibits to their motion. (*Id*. at

2

1  5-6). Moreover, defendants state that the plaintiff's discovery requests do not relate to exhaustion
2  and therefore a stay of merits-based discovery will not affect any potential discovery related to
3  exhaustion. (*Id*. at 6-7). Defendants also request that the court vacate the current scheduling and
4  discovery order and issue a new order once their exhaustion-based motion for summary judgment
5  has been adjudicated. (*Id*. at 7-8).

6        The court agrees with defendants. By staying the case now, the court will prevent
7  duplication of efforts on the part of the state, plaintiff, and the court. If the defendants' motion for
8  summary judgment on plaintiff's exhaustion efforts is granted, two of the defendants and most of
9  the claims against the remaining defendant will be dismissed from the case. Moreover, if the
10 motion for summary judgment is denied and the defendants and claims are not dismissed, the state
11 will need only file one merits-based motion for summary judgment addressing all defendants, and
12 the plaintiff will need only respond to that single motion. As such, it is reasonable to stay all actions
13 in this case until the defendants' exhaustion-based motion for summary judgment is resolved.
14 Accordingly, this court's September 4, 2020 scheduling and discovery order is vacated. (Doc. No.
15 38). A new scheduling and discovery order will issue once the court adjudicates defendants'
16 exhaustion-based motion for summary judgment.

17       b. Plaintiff's Discovery Motions

18       On October 5, 2020, plaintiff submitted a "request to extend disposition [sic] beyond 25
19 question limit," which the court construes as a motion to expand discovery. (Doc. No. 46). It
20 appears that plaintiff mistakenly believes he is limited to asking 25 questions during each
21 deposition. (*See generally id*.). Under Federal Rule of Civil Procedure 30(d)(1), "[u]nless
22 otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours. The court
23 must allow additional time . . . if needed to fairly examine the deponent or if the deponent, another
24 person, or any other circumstance impedes or delays the examination." On the other hand, it is
25 possible that plaintiff seeks to propound additional interrogatories on defendants. Under Federal
26 Rule of Civil Procedure 33(a)(1), "[u]nless otherwise stipulated or ordered by the court, a party
27 may serve on any other party no more than 25 written interrogatories, including all discrete
28 subparts. Leave to serve additional interrogatories may be granted . . .." In either case, because

this court grants defendants' motion to stay merits-based discovery, plaintiff's motion is denied without prejudice to refiling once the stay is lifted in this case.[1]

On February 4, 2021, plaintiff moved for an order compelling discovery. (Doc. No. 65). Plaintiff seeks a court order directing defendants to answer his interrogatories, which he submitted to defendants on December 3, 2020.[2]  (*See id*. at 1).  In light of this court's grant of defendants' motion for a stay of merits-based discovery, plaintiff's motion is denied without prejudice to refiling once the stay is lifted.

Accordingly, it is **ORDERED**:

1. Defendants' motion to stay merits-based discovery (Doc. No. 60) is **GRANTED**.
2. This court's September 4, 2020 scheduling and discovery order (Doc. No. 38) is **VACATED**.
3. Plaintiff's motion to expand discovery (Doc. No. 46) is **DENIED** without prejudice.
4. Plaintiff's motion to compel discovery (Doc. No. 65) is **DENIED** without prejudice.

IT IS SO ORDERED.

Dated:   March 25, 2021

*/s/ Helena M. Barch-Kuchta*
HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

---

[1] In the event plaintiff renews his discovery motion, he should clearly identify whether he requests to expand the time limit on depositions or the question limit for interrogatories.

[2] Along with his motion, plaintiff submitted a copy of the interrogatories he propounded on defendants. (Doc. No. 65).  Plaintiff is informed that he need not provide copies of his interrogatories to the court.