UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELISSA FAIRFIELD,<br><br>    Petitioner,<br><br>v.<br><br>A. KHOO, I. SINGH, S. SINGH,<br><br>    Respondent. | Case No. 1:19-cv-00632-DAD-HBK<br><br><u>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S EVIDENCE IN OPPOSITION TO SUMMARY JUDGMENT</u><br><br>(Doc. No. 62) |

This matter comes before the court upon review of Defendants' Evidentiary Objection and Motion to Strike Plaintiff's Evidence in Opposition to Summary Judgment filed January 31, 2021. (Doc. No. 62). Defendants object and seek to strike all exhibits plaintiff submitted in support of his opposition to defendants' exhaustion-based summary judgment motion. (*Id*.). For the reasons set forth below, the court grants in part, and denies in part, the motion.

I.    BACKGROUND

Plaintiff Melissa Fairfield, a state prisoner, initiated this action on May 9, 2019 by filing a *pro se* civil rights complaint under 42 U.S.C. § 1983 against defendants A. Khoo, I. Singh, and S. Singh. (Doc. No. 1). On December 4, 2020, defendants filed an exhaustion-based motion for summary judgment (Doc. No. 52), and plaintiff opposed the motion. (Doc. No. 56). Along with his opposition, plaintiff submitted approximately 700 pages of exhibits. (*See generally* Doc. No. 56 at 17-61; Doc. Nos. 57, 58, 59).

## II. APPLICABLE LAW

In summary judgment motions practice, Rule 56(c)(2) vests a party with the right to "object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Fed, R, Civ. P. 56(c)(2).  To be admissible, evidence must be relevant.  Fed. R. Civ. P. 401.  Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." *Id*.

## III. ANALYSIS

Defendants argue that many of these exhibits are not relevant to the issue raised in their exhaustion-based summary judgment motion: whether plaintiff exhausted his prison administrative remedies to the highest level of review prior to seeking federal relief under § 1983. Accordingly, defendants seek to strike irrelevant exhibits from the record.  Upon review of the exhibits, the court agrees with defendants.  Because defendants' summary judgment motion is limited to the issue of administrative exhaustion within the prison system, all exhibits unrelated to exhaustion will be stricken from the record.  Accordingly, after review, the court deems the following exhibits to be irrelevant for purposes of considering defendants' exhaustion-based motion for summary judgment:

1. California Corrections Healthcare Services policies and procedures.  (Doc. No. 57 at 2-73).
2. Plaintiff's medical records.  (*See generally* Doc. Nos. 57, 58, 59).
3. Plaintiff's personal handwritten calendars and notes to the extent they do not reference plaintiff's exhaustion efforts.  (*See e.g.*, Doc. No. 57 at 74, 76, 81; Doc. No. 58 at 204-209).
4. Plaintiff's Government Claims Program claim.  (Doc. No. 57 at 139-143).
5. Plaintiff's inmate requests for interviews.  (*See e.g.*, Doc. No. 58 at 122-23, 148-49).
6. Plaintiff's miscellaneous custody-related documents, such as program completion certificates and documents related to plaintiff's work placement.  (*See e.g.,* Doc No. 58 at 183).

2

7. Medical literature and informational pamphlets. (*See e.g.,* Doc. No. 57 at 164).

Defendants further request that all plaintiff's health care appeals and related responses be stricken from the record on the basis they are not authenticated, lack foundation and contain inadmissible hearsay. (Doc. No. 62 at 3). Defendants nonetheless conceded that these documents are relevant to the exhaustion issue. (*Id*). The court agrees that plaintiff's health care appeals and related response are relevant to the exhaustion issue. Despite their lack of organization, to the extent plaintiff's appeals and responses relate to plaintiff's efforts at exhausting his claims pending before the court, they will remain part of the record. The court will undertake a more detailed of these records when it considers the pleadings concerning the exhaustion-based summary judgment motion. Accordingly, this portion of defendants' motion is denied.

Moving forward, plaintiff should only submit exhibits to the court which are relevant to the issue pending before the court. The court is not a depository for plaintiff's litigation documents. While certain documents and material may be relevant if this case proceeds to the merit's-based summary judgment stage, these voluminous materials are, for the most part, not relevant to whether plaintiff has exhausted his claims. In the event plaintiff continues to submit documents which are not relevant to the issue at hand, such documents will be stricken from the record without notice.

Accordingly, it is ORDERED:

Defendants' motion to strike plaintiff's evidence filed in support of his opposition to defendants' motion for summary judgment is GRANTED IN PART and DENIED IN PART in accordance with the above. (Doc. No. 62).

IT IS SO ORDERED.

Dated:    March 26, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

3