UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELISSA FAIRFIELD,<br><br>             Plaintiff,<br><br>     v.<br><br>A. KHOO, I. SINGH, S. SINGH,<br><br>             Defendants. | Case No.  1:19-cv-00632-DAD-HBK<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO GRANT IN PART AND DENY IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>(Doc. Nos. 52, 75) |

Plaintiff Melissa Fairfield is a state prisoner appearing *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 26, 2021, the assigned magistrate judge issued findings and recommendations recommending that defendants' motion for summary judgement be granted in part and denied in part.  (Doc. Nos. 52, 75.)  Specifically, the magistrate judge found that plaintiff failed to exhaust his[1] administrative remedies with respect to his claims as required by the Prison Litigation Reform Act, except for plaintiff's Eighth Amendment deliberate indifference claims related to his neck mass brought against defendants Khoo and Ikwinder Singh.  (Doc. No. 75 at 17.)  The magistrate judge recommended that plaintiff be permitted to proceed only on that Eighth

---

[1] Plaintiff is a transgender male who prefers the use of the male pronouns.  (Doc. No. 13 at 32).

Amendment deliberate indifference claims related to his neck mass. (*Id.*) The findings and recommendations served on the parties contained notice that any objections were to be filed within fourteen (14) days. (*Id.*) Plaintiff filed objections on August 9, 2021. (Doc. No. 76.) After receiving an extension of time to respond, defendants filed a timely response to plaintiff's objections on September 22, 2021. (Doc. Nos. 79, 80.)

In those objections, plaintiff argues that he "had in fact exhausted his administrative remedy from CCWF-HC-17034534." (Doc. No. 76 at 1.) However, as defendants point out, the magistrate judge found that plaintiff had exhausted this inmate grievance and recommended that his deliberate indifference claim related to his neck mass be allowed to proceed. (Doc. Nos. 75 at 15; 80 at 2.) Plaintiff asserts that he included an explanation of his symptoms and pain when filing inmate grievance CCWF-HC-17034534, and appears to argue that the grievance should also exhaust his other claims brought against defendant Khoo. (Doc. No. 76 at 2, 4.) Yet plaintiff does not make a persuasive argument that the magistrate judge's findings regarding administrative exhaustion are incorrect. Furthermore, plaintiff's argument that he failed to file other inmate grievances over the course of two years because he feared being considered an "appeal abuser" is unpersuasive when regulations provide that an inmate generally has the right to file an appeal every 14 days. (*Id.* at 5); 15 Cal. Cod. Regs. § 3084.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a de novo review of this case. Having carefully reviewed the entire file, including plaintiff's objections and defendants' response, the court finds the findings and recommendations to be supported by the record and proper analysis.

Accordingly:

1. The July 26, 2021 findings and recommendations (Doc. No. 75) are adopted in full;

2. Defendant's motion for summary judgment (Doc. No. 52) is granted in part and denied in part;

/////

/////

3. All claims brought by plaintiff against defendants Khoo and Ikwinder Singh are dismissed except for plaintiff's Eighth Amendment deliberate indifference claims related to his neck mass;

4. Defendant S. Singh is dismissed from this action; and

5. The matter is referred back to the magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated: **September 30, 2021**              *Dale A. Drozd*
                                           UNITED STATES DISTRICT JUDGE