1
2
3
4
5
6
7
8                        UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MELISSA FAIRFIELD,                          Case No.  1:19-cv-632-DAD-HBK

12                       Plaintiff,              ORDER DENYING PLAINTIFF'S MOTIONS
                                                 TO APPOINT COUNSEL
13          v.
                                                 (Doc. Nos.  91, 92, 93)
14   ALBERT KHOO, ET. AL.,

15                       Defendants.

16

17          Pending before the Court are Plaintiff's motions to appoint counsel, filed on January 25

18   and February 18, 2022, respectively.  (Doc. Nos. 91, 92).  Plaintiff also filed a motion titled

19   "Plaintiff's inaccessibility to the Court" on March 7, 2022, in which Plaintiff suspects his[1]

20   previous motions have not been received and reiterates reasons why counsel should be appointed.

21   (Doc. No. 93).  The Court thus considers this pleading as a third motion for appointment of

22   counsel.  The Court has previously denied Plaintiff's earlier motion for appointment of counsel.

23   (Doc. No. 69).

24          In each of the motions, Plaintiff requests appointment of counsel for a litany of reasons,

25   including he is not a "jail house lawyer," lack of education, limited legal experience, limited

26   access to the law library due to Covid 19.  (Doc. No. 91 at 1; Doc. No. 92 at 1; Doc. No. 93 at 3).

27

28   _____
     [1] Plaintiff is a transgender male who prefers the use of the male pronouns. (Doc. No. 13 at 32).

1    Plaintiff believes discovery in this case will be extensive as it involves a deliberate indifference to

2    a serious medical condition claim and anticipates an expert will need to testify at trial.  (Doc. No.

3    91 at 1-2; Doc. No. 92 at 1-2).  Plaintiff also states that he has not been able to retain counsel on

4    his own.  (Doc. No. 91 at 2; Doc. No. 92 at 2).

5         In the motion noting inaccessibility to the Court, Plaintiff states he received returned mail

6    on various occasions and suspects his mail may been "tampered with" or "opened by mistake."

7    (*Id.*).  At the outset, the Court confirms it has received both of Plaintiff's motions seeking

8    appointment of counsel.  Turning to Plaintiff's motions to appoint counsel, as advised by the

9    Court in its previous order, the United States Constitution does not require appointment of

10   counsel in civil cases.  *See Lewis v. Casey*, 518 U.S. 343, 354 (1996) (explaining *Bounds v. Smith*,

11   430 U.S. at 817, did not create a right to appointment of counsel in civil cases).  Under 28 U.S.C.

12   § 1915, this court has discretionary authority to appoint counsel for an indigent to commence,

13   prosecute, or defend a civil action.  *See* 28 U.S.C. § 1915(e)(1) (stating the court has authority to

14   appoint counsel for people unable to afford counsel); *see also United States v. McQuade*, 519

15   F.2d 1180 (9th Cir. 1978) (addressing relevant standard of review for motions to appoint counsel

16   in civil cases) (other citations omitted).  However, motions to appoint counsel in civil cases are

17   granted only in "exceptional circumstances."  *Id.* at 1181.  The court may consider many factors

18   to determine if exceptional circumstances warrant appointment of counsel including, but not

19   limited to, proof of indigence, the likelihood of success on the merits, and the ability of the

20   plaintiff to articulate his or her claims *pro se* in light of the complexity of the legal issues

21   involved.  *Id.*; *see also Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part*

22   *on other grounds on reh'g en banc*, 154 F.2d 952 (9th Cir. 1998).

23        Plaintiff has not met his "burden of demonstrating exceptional circumstances*." Jones v.*

24   *Chen*, 2014 WL 12684497, at *1 (E.D. Cal. Jan. 14, 2014).  Plaintiff's inability to find counsel is

25   not "a proper factor for the Court to consider in determining whether to request counsel."

26   *Howard v. Hedgpeth*, 2010 WL 1641087, at *2 (E.D. Cal. Apr. 20, 2010).  Although Plaintiff is

27   proceeding *pro se* and is incarcerated, he faces the same obstacles all *pro se* prisoners face.

28   Challenges conducting discovery and preparing for trial "are ordinary for prisoners pursuing civil

rights claim" and cannot form the basis for appointment of counsel. *Courtney v. Kandel*, 2020 WL 1432991, at *1 (E.D. Cal. Mar. 24, 2020). Further, prison litigation often involves medical claims, and an extraordinary situation cannot be demonstrated through the "vicissitudes of prison life." *Chaffer v. Prosper*, 592 F.3d 1046, 1049 (9th Cir. 2010).

A review of the docket shows Plaintiff has successfully litigated his case to date. (*See* docket). Further, the complexity of the case and Plaintiff's status as a layperson to the law have not impeded Plaintiff's ability to litigate this case, as evidenced by Plaintiff's multiple filings which cite legal authorities. Should this case progress and Plaintiff's circumstances change so that he is able to demonstrate exceptional circumstances, he may renew his motion for appointment at counsel at that time.

Accordingly, it is **ORDERED**:

Plaintiff's motions to appoint counsel (Doc. Nos. 91, 92, 93) are DENIED without prejudice.

Dated:   April 6, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

3