UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| MELISSA FAIRFIELD, | Case No. 1:19-cv-00632-DAD-HBK (PC) |
|---|---|
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL |
| v. | |
| A. KHOO, I. SINGH, | ORDER GRANTING CONSTRUED MOTION FOR EXTENSION OF TIME |
| Defendants. | (Doc. Nos. 95, 96) |

Pending before the Court are Plaintiff's motion to appoint counsel and motion seeking a thirty-day extension of time to obtain counsel filed on July 1, 2022. (Doc. Nos. 95, 96). Defendants did not file a response to either motion. Their non-response will be deemed no opposition under Local Rule 230(c)(E.D. Cal. 2022). For the reasons set forth below, the Court denies Plaintiff's motion to appoint counsel without prejudice. The Court, however, will re-evaluate appointment of counsel for Plaintiff should this case proceed to trial. The Court grants in part Plaintiff's motion for a thirty-day extension of time to the extent set forth herein.

In requesting appointment of counsel, Plaintiff states he[1] "has no assistance or clue how to proceed with depositions, witnesses, or anything else in the area of expertise." (Doc. No. 95 at 1). The Court previously denied Plaintiff's three prior motions to appoint counsel, noting the United

---

[1] Plaintiff is a transgendered male who prefers the use of male pronouns. (Doc. No. 13 at 32).

States Constitution does not require appointment of counsel in civil cases.  (Doc. No. 94 at 2-3) (citing *Lewis v. Casey*, 518 U.S. 343, 354 (1996) (explaining *Bounds v. Smith*, 430 U.S. at 817, did not create a right to appointment of counsel in civil cases) (other citations omitted)).  For the reasons previously explained, the Court again denies Plaintiff's motion for appointment of counsel.  Plaintiff has not articulated any new reasons to justify appointment of counsel, not previously articulated.  Plaintiff has not met his "burden of demonstrating exceptional circumstances*." Jones v. Chen*, 2014 WL 12684497, at *1 (E.D. Cal. Jan. 14, 2014).   The Court will reconsider appointment of counsel should this case proceed to trial.

Relatedly, Plaintiff seeks a thirty-day extension of time to find counsel. (Doc. No. 96).  Plaintiff states he needs to depose witnesses and does not have the skill set to conduct depositions or to obtain affidavits from potential witnesses. (*Id.* at 1).  Plaintiff states he needs "30 more days to litigate the issues." (*Id.*).   The Court construes the motion as seeking an extension of the discovery deadline.  The Case Management and Scheduling Order set the discovery deadline as July 8, 2022, so the instant motion was filed before the time set forth in the Amended Discovery and Scheduling Order expired.  (*See* Doc. No. 87).  Fed. R. Civ. P. 16(b)(4) permits a court to modify a scheduling order for good cause shown and with the judge's consent.  The construed motion seeking an extension of time to conduct discovery is granted to the extent the Court will grant Plaintiff a thirty-day (30) extension of time for Plaintiff to propound discovery on Defendants.

Accordingly, it is **ORDERED**:

1. Plaintiff's motion to appoint counsel (Doc. No. 95) is DENIED without prejudice.

2. Plaintiff's motion for a thirty-day (30) extension of time (Doc. No. 96) is GRANTED to the limited extent the Court will permit Plaintiff thirty (30) days from the date of this Order to propound any additional discovery on Defendants.

Dated:   August 24, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE