UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELISSA FAIRFIELD,<br><br>    Plaintiff,<br><br>  v.<br><br>A. KHOO, I. SINGH,<br><br>    Defendants. | Case No. 1:19-cv-00632-DAD-HBK (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO DEPOSE DEFENDANTS<br><br>ORDER STRIKING PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS<br><br>ORDER DIRECTING DEFENDANTS TO RESPOND TO PLAINTIFF'S DOCUMENT REQUESTS<br><br>(Doc. No. 97) |

    Pending before the Court is Plaintiff's pleading titled "Motion to Set Up Deposition for Defendants and Request for Production of Documents" filed on July 11, 2022. (Doc. No. 97). Defendants did not respond to the motion and the time to do so has expired so the motion is deemed unopposed. *See* Local Rule 230(c). Plaintiff proceeds in this § 1983 action pro se and *in forma pauperis*. (*See* docket).

    Pointing to Rule 37(b)(1), Plaintiff notes depositions may be done by remote means and the parties may stipulate to conduct depositions but states he[1] "does not have the skill set of knowing how to initiate the deposition with the facility." (Doc. No. 97 at 1). Plaintiff also

---

[1] Plaintiff is a transgendered male who prefers the use of male pronouns. (Doc. No. 13 at 32).

includes a Request for Production of Documents in which he asks that Defendants produce: (1) all statements, declarations, or affidavits, you have obtained from anyone that mention or reference or support your innocence of the allegations against Defendant Dr. Khoo and Defendant Dr. I Singh; and (2) all documents that support your defense with Defendants Dr. Khoo and Dr. Singh. (*Id.* at 2). Liberally construed, as the Court is required to do for pro se litigants, it appears Plaintiff wishes to depose certain witnesses and to propound certain discovery requests on Defendants in connection with the instant § 1983 action. (*See* generally Doc. No. 97).

Turning first to Plaintiff's request for depositions, while inmates have a constitutional right of access to the courts an inmate's constitutional right of access to the courts does not impose "affirmative obligations on the States to finance and support prisoner litigation." *Lewis v. Casey*, 518 U.S. 343, 384 (1996). *In forma pauperis* status does not entitle a plaintiff to a waiver of costs associated with depositions and other costs required to litigate a claim. *Love v. Brewer*, 2021 WL 1022702, *1 (E.D. Cal. Mar. 17, 2021)*; see also Tedder v. Odel*, F.2d 210, 211-212 (9th Cir. 1989)(holding that 28 U.S.C § 1915 does not authorize a waiver of witness fees that are tendered with subpoenas). The Federal Rules of Civil Procedure require the party that is taking the deposition to bear the costs of the recording. Fed. R. Civ. P. 30(b)(3).

If Plaintiff desires to depose the Defendants, then Plaintiff must pay the costs for recording the Defendants' depositions as required by Rule 30(b)(3) of the Federal Rules of Civil Procedure. As ruled by the United States Supreme Court in *Lewis v. Casey*, the Ninth Circuit Court of Appeals in *Tedder*, and this Court in *Love*, Plaintiff's *in forma pauperis* status does not authorize the waiver of any fees associated with recording Defendants' depositions. Admittedly, Plaintiff's current incarceration and *in forma pauperis* status may limit his ability to conduct depositions, but he can obtain the information he seeks through other means, such as, propounding Interrogatories, which are governed by Fed. R. Civ. P. 33 or Requests for Admission, which are governed by Fed. R. Civ. P. 36. The Court this same day in a separate order granted Plaintiff a thirty-day extension of time within which to propound additional discovery on Defendants, if necessary.

Regarding the document requests, discovery is not filed with the court unless a party

2

becomes dissatisfied with a response and seeks relief with the court under the Federal Rules of Civil Procedure. *See also* Local Rule 250.3 (E.D. Cal. 2022)(noting requests for production shall not filed unless and until there is a proceeding in which the request, response, or proof of service is at issue). Thus, to the extent Plaintiff intended to file his requests for production of documents, the Court strikes the discovery. The Court, however, will construe the discovery request as being served upon Defendants and require Defendants to respond to Plaintiff's request for production of documents if they have not already done so.

Accordingly, it is **ORDERED**:

1. Plaintiff's motion (Doc. No. 97) is DENIED to the extent he seeks the Court's assistance in deposing Defendants.

2. The Court strikes Plaintiff's Request for Production of Documents (Doc. No. 97).

3. Defendants shall respond to Plaintiff's Request for Production of Documents if they have not already done so.

Dated:    August 24, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE